IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WWTAI AIROPCO 1 BERMUDA, LTD. <br><br> Plaintiff, <br><br> v. <br><br> AERO NORWAY AS <br><br> Defendant. | 23-CV-8592 (JMF) <br><br><br> **CONFIDENTIALITY ORDER** |

It appearing that discovery and other phases of the above-captioned action are likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) information that is protected by statute or regulation, including but not limited to, financial, tax, or protected health information within the meaning of the Health Insurance Portability and Accountability Act ("HIPPA") and Sensitive Security Information ("SSI") as that term is defined by 49 C.F.R. Part 1520, or (e) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the

1

foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential").

2.      All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

3.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

      a.      Outside counsel (herein defined as any attorney at the parties' outside law firms), relevant in-house counsel for the parties, and insurance representatives;

      b.      Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

      c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

      d.      The Court and court personnel;

      e.      Any witness in this litigation that is deposed or questioned, provided that they may not retain the Confidential material after that use has ended;

2

    f.     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

    g.     The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

4.    Confidential material, copies thereof, and the information contained therein, may only be used by individuals listed in Paragraph 3, and shall not be disclosed in any manner to any other individual, until and unless (a) there is an agreement of counsel, (b) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (c) the Court orders such disclosure.

5.    Where a deposition involves the disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential. This 30 day period may be extended by agreement of the parties. During this period, the deposition transcript shall not be disclosed to any individual other than the individuals described in Paragraph 3(a), (b), (c), (d) and (f) above, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 3(a), (b), (c), (d) and (f) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall

3

immediately and appropriately mark each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 2 and 3. In the alternative counsel may, at their election, designate portions of testimony as "Confidential" on the record at deposition. Any such designation does not waive the 30-day period or the procedure described above.

6. If counsel for a party receiving documents or information designated as Confidential objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court consistent with the Court's Discovery Dispute Rules, Policies or Procedures.

7. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether

the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure.  Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Order.

8.      When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity.  However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

9.      The following information shall not be deemed or considered Confidential material under this Order:  (a) information in the public domain; (b) information already known by the receiving party through proper means; and (c) information that is or becomes available to a party from a source (i) other than the party asserting confidentiality and (ii) rightfully in possession of such information on a non-confidential basis.

5

10.    This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

11.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. Documents may be filed under seal only as provided in Paragraph 7 of Judge Furman's Individual Rules and Procedures for Civil Cases.  Any party intending to publicly file material designated as "CONFIDENTIAL" shall provide the designating party with sufficient notice of its intention to allow for compliance with the requirements of Paragraph 7.C of those Individual Rules and Procedures.

12.    This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

13.    Other Proceedings.   By entering this Order and limiting the disclosure of information in this litigation, this court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case.  Any person or party subject to this Order who in another proceeding becomes subject to a motion to disclose another party's information designated Confidential pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

14.    To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

169573.99990/134509403v.1

15.    The Court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

16.    This Confidentiality Order is effective upon signatures of counsel.


**STIPULATED TO BY THE PARTIES ON March 12, 2024:**


Daniel C. Green
*Counsel for Plaintiff*
*WWTAI AirOpCo 1 Bermuda Ltd.*

Thomas H. Belknap, Jr.
*Counsel for Defendant*
*Aero Norway AS*


**IT IS SO ORDERED.**

Dated: March 12, 2024

Honorable Jesse M. Furman


This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

169573.99990/134509403v.1

**EXHIBIT "A"**

WWRAI AIROPCO 1 BERMUDA, LTD.

Plaintiff,

v.                                                    23-CV-8592 (JMF)

AERO NORWAY AS,

Defendant.

## EXPERT WITNESS AND CONSULTANT DECLARATION

    I, _____, being duly sworn, hereby certify and declare under penalty of perjury under the laws of the United States of America that:

    I have received and carefully read a copy of the Confidentiality Order entered in the above-captioned case, and will comply with all provisions of the Confidentiality Order relating to the protection of Confidential Materials disclosed to me or which may come into my possession, custody, or control.

    I agree to abide by the terms of the Confidentiality Order and consent to the jurisdiction of the Southern District of New York for any matter pertaining to the aforesaid order.  I understand that the statements herein are made subject to the penalties of 28 U.S.C. § 1746 relating to unsworn declarations under penalty of perjury.

Dated:_____

Signature:_____

Printed Name:_____

Company Name and Address:

_____

_____

_____