UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WWTAI AirOpCo 1 BERMUDA LTD., <br><br>Plaintiff, <br><br>v. <br><br>AERO NORWAY AS, <br><br>Defendant/ <br>Third-Party Plaintiff, <br><br>v. <br><br>UTAIR AVIATION, JOINT-STOCK COMPANY DBA UTAIR AVIATION, <br><br>Third-Party Defendant. | Civ. No. Action: 23-cv-08592 |

## [PROPOSED] ORDER OF DISMISSAL WITHOUT PREJUDICE

WHEREAS, plaintiff WWTAI AirOpCo 1 Bermuda Ltd ("FTAI") and Aero Norway AS reached a settlement of the claims between those parties in this matter, with the net effect that those claims and counter-claims have now been dismissed, (Dkt No. 63); and,

WHEREAS the only issues remaining in this matter are the disputes between third-party plaintiff Aero Norway and third-party defendant UTAir Aviation, Joint-Stock Company dba UTAir Aviation; and,

WHEREAS, Aero Norway and UTAir have now reached a settlement in principle of their respective claims and counterclaims, subject to finalizing a written and signed settlement agreement; and,

1

WHEREAS, the parties have represented to the Court that the agreement would entail a cash payment component by UTAir to Aero Norway, transfer of title to the two engines which are the subject of this litigation from Aero Norway to UTAir, and transfer of title to another engine which is not the subject of this suit from UTAir to Aero Norway; and

WHEREAS, the parties have further represented to the Court that because of various sanctions and trade restrictions in Bermuda, where FTAI is formed, Norway, where Aero Norway is based, Russia, where UTAir is based, and the European Union, where the third engine that would be subject to the settlement agreement is located, it will be necessary for the parties to obtain certain licenses and regulatory approvals before they can finalize any settlement agreement; and

WHEREAS, the parties have further represented to the Court that they presently believe it may take up to six months to obtain the necessary licenses and regulatory approval that will be required to allow the parties to execute a final settlement agreement; and

WHEREAS in the meantime, the parties would like to curtail any further litigation costs pending finalization of a written agreement;

NOW THEREFORE IT IS ORDERED:

1. That this Action is dismissed without prejudice to the right of either party to revive the same upon letter application to the Court made within 6 months from the date of this order if the settlement is not consummated.  If no such application is received by that deadline, this dismissal will automatically convert into a dismissal with prejudice, and any application to revive filed thereafter may be denied solely on that basis.

2. If the parties have been unable to obtain the necessary licenses and regulatory approvals within the time allowed for in this order but jointly agree that a further extension of the time to revive this action is likely to allow them to do so, they may jointly write the Court before the aforementioned deadline seeking a further extension of the deadline for up to an additional six months. Such application shall include a status report and an explanation of any remaining steps which must occur to allow them to conclude their settlement agreement. On the basis of such application, the Court may either (1) grant an extension of the deadline, either for the time requested or for such shorter time as the Court may deem appropriate, or (2) deny the request for the extension and treat the submission as an application to reopen the matter.

3. If the parties wish for the Court to retain jurisdiction for the purposes of enforcing any settlement agreement, they must submit the settlement agreement to the Court by the deadline to repoen to be "so ordered" by the Court.

4. Per Paragraph 5.B of the Court's Individual Rules and Practices for Civil Cases, unless the Court orders otherwise, the Court will not retain jurisdiction to enforce a settlement agreement unless it is made part of the public record.

[Signatures on next page]

169573.00601/152386128v.1

Dated: New York, New York
January 23, 2025

| | |
|---|---|
| **BLANK ROME LLP**<br><br>By: /s/ THBelknap<br>Thomas H. Belknap, Jr.<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Phone: (212) 885-5270<br>thomas.belknap@blankrome.com<br>*Attorneys for Third-Party-Plaintiff Aero Norway* | **SEIDEN LAW LLP**<br><br>By: /s/ Jennifer Blecher<br>Jennifer H. Blecher<br>322 Eighth Avenue, Suite 1200<br>New York, NY 10001<br>646-766-1763<br>Email: jblecher@seidenlaw.com<br>*Attorneys for Third-Party-Defendant UTAir* |

The Clerk of Court is directed to close the case.

**So ordered:** _____
U.S.D.J.

January 23, 2025

4